UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:14-cr-17 |
| v. ) | |
| ) | Judge Mattice |
| ROBERT CHAD SHORT, ) | Magistrate Judge Lee |
| ) | |
| *Defendant.* ) | |
| ) | |

# ORDER

On October 23, 2014, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 29) pursuant to 28 U.S.C. § 636(b)(1). In her Report and Recommendation, Magistrate Judge Lee recommended that Defendant's Motion to Suppress (Doc. 14) be denied. On November 6, 2014, Defendant filed timely objections to the Report and Recommendation. (Doc. 31).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Lee's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

## I. BACKGROUND

Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress on October 7, 2014, during which Lawrence E. Campbell, Jr., a narcotics investigator with the Moore County Sheriff's Department, testified for the Government. In her Report and Recommendation, Magistrate Judge Lee recounted the facts developed at the evidentiary hearing. (Doc. 29 at 1-4). Defendant has not objected to any

of the facts as outlined in Magistrate Judge Lee's Report and Recommendation. Instead, Defendant's objections focus on the conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Lee's Report and Recommendation. (*Id.*) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## II. ANALYSIS

Defendant has specifically objected to Magistrate Judge Lee's finding that Agent Campbell was a credible witness. (Doc. 31 at 1). In support of his objection, Defendant argues that the facts set forth in the Government's Response to Defendant's Motion to Suppress are disparate from Agent Campbell's version of the events. *See id.* at 2. In Response to Defendant's Objections, the Government argues that Agent Campbell is a credible witness and the facts submitted in the original Response to Defendant's Motion to Suppress were "the result of an innocent misunderstanding." (Doc. 33 at 3).

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed the record relevant to the instant objection and agrees with Magistrate Judge Lee's well-reasoned conclusion. It is indisputable that the Government made errors in the background described in its Response to Defendant's Motion to Suppress. In her Report and Recommendation, Magistrate Judge Lee describes the Government's submission as "troubling" and notes that the Government "utterly failed to explain how or why it got the facts so wrong in its unsworn prehearing brief." (Doc. 29 at 8). However, while the Government may have carelessly submitted

2

an erroneous version of the facts in its prehearing brief, all parties agree that the Government's Response to Defendant's Motion to Suppress is not evidence. *See* Doc. 31 at 1; Doc. 33 at 1. Thus, the true issue relates to Agent Campbell's credibility in light of the Government's submissions to the Court.

Magistrate Judge Lee listened to the testimony of Agent Campbell at the suppression hearing, and ultimately found him to be credible despite the issues with the Government's prehearing brief. (Doc. 31 at 10). Although Defendant disagrees with this finding, Magistrate Judge Lee made this finding after considering all aspects relating to Agent Campbell's credibility and witnessing his testimony of the series of events leading up to Defendant's arrest. It has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 565 (1985); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948) ("The practice in equity prior to the present Rules of Civil Procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had great weight with the appellate court"); *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999) ("The magistrate judge found [the witness's] testimony credible . . . and this court accords great deference to such credibility determinations."). Considering the record before the Court and the fact that Magistrate Judge Lee was in the best position to determine Agent Campbell's credibility, the Court sees no reason to disturb Magistrate Judge Lee's finding and Defendant's objection will be **OVERRULED**.

Accordingly, the Court **ACCEPTS and ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations as set forth above pursuant to

3

§ 636(b)(1); Defendant's Objections (Doc. 31) are **OVERRULED**; and Defendant's Motion to Suppress (Doc. 14) is **DENIED.**

**SO ORDERED** this 6th day of January, 2015.

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE

4

Case 4:14-cr-00017-HSM-SKL   Document 34   Filed 01/06/15   Page 4 of 4   PageID #: 242